UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN DOE subscriber assigned IP address 96.225.75.239,**<br><br>Defendant. | Civil Action No. 21-586 (KSH) (CLW)<br><br>ORDER GRANTING LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE |

**CATHY L. WALDOR, U.S.M.J.**

This comes before the Court by way of Plaintiff Strike 3 Holdings, LLC's motion for leave to serve a third-party subpoena on Defendant's internet service provider in advance of the conference mandated under Federal Rule of Civil Procedure 26(f). (ECF No. 16). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves this issue without oral argument. Upon careful consideration of the record for this matter, and for good cause shown, and

**WHEREAS** Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Court may, however, grant leave to conduct discovery in advance of that meeting. *Id.* When considering applications for such expedited discovery, courts often apply a "good cause" test considering "'the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances.'" *Strike 3 Holdings, LLC v. Doe*, No. 21-17863 (SDW) (MAH), 2021 U.S. Dist. LEXIS 194346, at *2-3 (D.N.J. Oct. 7, 2021) (quoting *Better Packages, Inc. v. Zheng,* Civ. No. 05-4477, 2006 U.S. Dist. LEXIS 30119, 2006 WL 1373055, at *3 (D.N.J. May

17, 2006)). "Good cause exists where 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* at *3 (quoting *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009)); and

**WHEREAS** Plaintiff alleges that this case involves "the ongoing and wholesale copyright infringement of Plaintiff's motion pictures by Defendant, currently known only by an IP address." (Complaint ¶ 1, ECF No. 1).  Plaintiff represents that, through the use of proprietary software, known as VXN Scan, it has "detected and recorded forensic evidence" of that alleged infringement, and identified Defendant's IP address, location (to a city and state level), and internet service provider ("ISP"). (Pl. Br. at 3, ECF No. 16-1; Decl. of David Williamson ¶¶ 59-61, 77-78, ECF No. 16-2); and

**WHEREAS** Plaintiff now seeks leave to serve a subpoena on Defendant's ISP, Verizon Fios, to obtain Defendant's name and address. (*See generally* Pl. Motion, ECF No. 16).  Plaintiff also proposes that the Court consider entering a protective order intended to require future filings to be made under seal or to permit Defendant to proceed anonymously. (*Id.*); and

**WHEREAS** the Court finds that, without information from Verizon Fios, Plaintiff will almost certainly be unable to amend its Complaint to name the appropriate defendant.  Nor will it be able to effectuate service of that pleading, explore the merits of its claims through substantive discovery, or otherwise "litigate the sort of [alleged] copyright violations at issue . . . in any meaningful way." *Manny Film LLC v. Doe*, No. 15-1523 (JLL) (JAD), 2015 U.S. Dist. LEXIS 53550, at *6 (D.N.J. Apr. 22, 2015).  "Moreover, while the Court recognizes that the subscriber whose information is on file with the ISP may not be personally responsible for the alleged infringement, he or she may have information that assists in identifying the infringer.  The subscriber's identity is therefore relevant and discoverable under the broad scope of Rule 26." *Id.*

at **6-7 (citing *Malibu Media. LLC v. Does*, No. 12-07789 (KM) (MCA) 2013 U.S. Dist. LEXIS 183958, *24 (D.N.J. Dec. 18, 2013)); and

**WHEREAS** courts in this District have routinely allowed limited, early discovery in essentially identical situations.  *See, e.g.*, *Strike 3 Holdings, LLC v. Doe,* No. 21-12769 (NLH) (MJS), 2021 U.S. Dist. LEXIS 209282, at (D.N.J. Oct. 29, 2021); *Strike 3 Holdings, LLC v. Doe*, No. 2:21-cv-18176 (KSH) (ESK), 2021 U.S. Dist. LEXIS 196097 (D.N.J. Oct. 12, 2021); *Strike 3 Holdings, LLC v. Doe*, No. 21-11423 (ES) (MAH), 2021 U.S. Dist. LEXIS 104753 (D.N.J. June 2, 2021); and

**WHEREAS** the Court finds that Plaintiff has established good cause for serving its requested subpoena in this matter; and

**WHEREAS** the Court does not find, however, that the record currently supports entering a protective order requiring that certain documents be filed under temporary seal or presuming that any later-named defendant may be entitled to proceed anonymously in this litigation.  The parties may make any such applications, as necessary, at a later date, and must demonstrate therein that the relief they seek is appropriate under the law;

**IT IS** on this 8th day of December 2021,

**ORDERED** that Plaintiff's motion for leave to serve a third-party subpoena on Defendant's ISP, (ECF No. 16), is **GRANTED IN PART**; and it is further

**ORDERED** that Plaintiff may serve Verizon Fios with a subpoena pursuant to Federal Rule of Civil Procedure 45 commanding the ISP to provide Plaintiff with *only* the name and address of the subscriber associated with IP address **96.225.75.239** at the time at issue in the Complaint; and it is further

**ORDERED** that Plaintiff shall attach a copy of this Order to the subpoena; and it is further

**ORDERED** that Plaintiff shall limit the use of any information disclosed in response to that subpoena to this litigation, and specifically only for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint; and it is further

**ORDERED** that Plaintiff shall be prepared to provide copies of any information disclosed in response to the subpoena to any defendant who enters an appearance in this case;[1] and it is further

**ORDERED** that Plaintiff's motion is **DENIED WITHOUT PREJUDICE** to the extent it seeks entry of a protective order at this juncture; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the motion at ECF No. 16.

s/ Cathy L. Waldor  
Hon. Cathy L. Waldor, U.S.M.J.

---

[1] If Plaintiff seeks leave to file an amended pleading naming a specific defendant, it shall ensure that it has a factual basis for asserting that the proposed defendant engaged in the alleged infringement. By permitting this discovery, the Court is not finding or suggesting that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims or its identification of the specific individual as the proper defendant.